**No. 20-1288**　　　　　　　　　　　**September Term, 2021**

**FCC-20-84**

**Filed On:** December 22, 2021

Michael Karr, d/b/a WVUX-LD,

　　　　　Petitioner

　　v.

Federal Communications Commission and
United States of America,

　　　　　Respondents

**PETITION FOR REVIEW FROM AN ORDER OF THE
FEDERAL COMMUNICATIONS COMMISSION**

**BEFORE:**　　Millett, Wilkins, and Jackson, Circuit Judges

**J U D G M E N T**

This petition for review of an order of the Federal Communications Commission ("FCC") was considered on the briefs filed by the parties and respondents' appendix. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the petition for review be denied.  The FCC properly denied petitioner's request for an order compelling satellite television providers to carry his low power television station, WVUX-LD, on their satellite networks. Because WVUX-LD is a low power television station, it is not a "television broadcast station" covered by the mandatory carriage obligations applicable to satellite television providers under Section 338 of the Communications Act.  See 47 U.S.C. § 338(a)(1) ("Each satellite carrier providing . . . secondary transmissions to subscribers located within the local market of a television broadcast station of a primary transmission made by that station shall carry upon request the signals of all television broadcast stations located within that local market . . . ."); 47 U.S.C. § 325(b)(7)(B) (television broadcast station "does not include a low-power or translator television station").  Where the statutory language is clear, the FCC and the court "must give effect to [Congress'] unambiguously expressed intent."  Northpoint Tech., Ltd. v. FCC, 412 F.3d 145, 151 (D.C. Cir. 2005) (citation and internal quotation marks omitted).  Moreover, although petitioner asserts that WVUX-LD is a "qualified low power station" for purposes of cable television carriage obligations, see 47 U.S.C. § 534(a), he fails to explain why that classification is relevant to the satellite television context.

Finally, petitioner's conclusory arguments do not show that the differences in mandatory carriage obligations for cable and satellite television providers under the Communications Act violate his right to equal protection, cf. Abdelfattah v. U.S. Dep't of Homeland Sec., 787 F.3d 524, 539 (D.C. Cir. 2015) (rejecting constitutional claim where litigants "failed to put forth any argument or citation to authority supporting the proposition" that their protected interests had been violated), and his low power station is treated the same as all other low power stations with respect to satellite carriage. The court may not entertain petitioner's other constitutional arguments, which he failed to raise in the underlying proceedings before the FCC. See 47 U.S.C. § 405(a) (precluding judicial review of "questions of fact or law upon which the Commission, or designated authority within the Commission, has been afforded no opportunity to pass"); Sioux Valley Rural Television, Inc. v. FCC, 349 F.3d 667, 676 n.5 (D.C. Cir. 2003) ("[A]n incomplete presentation of an issue does not suffice to place a matter before the Commission such that it has been afforded a fair opportunity to pass on the argument.") (citation and internal quotation marks omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk